STATE, *ex rel.* EDWARD L. BULLARD, a minor, by his father and next friend, JAMES E. BULLARD, v. ALPHONSE CLARK, *et ux.,* and LOUISE CLARK, a single woman.

179 So. 657.
Division A.
Opinion Filed March 4, 1938.

*Eldon. L. Boyce,* for Appellant;
*Dunbar H. Johnson, Jr.,* for Appellees.

PER CURIAM.—The writ of error brings for review judgment in habeas corpus proceedings wherein a minor about three and one-half years of age by his father and next

friend instituted the suit for the purpose of procuring a judgment awarding custody of the minor to his father.

The record shows that James E. Bullard, father of the minor, married one Josephine Clark, the daughter of Alphonse and Marie Clark, and sister of Louise Clark; that of that union the child Edward L. Bullard was born; that the mother died about four months after the birth of the child. Thereupon James E. Bullard with the child, Edward L. Bullard, moved into the home of Alphonse and Marie Clark where Louise Clark also resided, and that thereafter, up to the institution of this suit, the grandparents, Alphonse and Marie Clark, annd the aunt, Louise Clark, had the custody, care and control of the child.

After hearing voluminous testimony, the Circuit Judge· entered the following order:

"IT IS HEREBY FOUND by the court from said testimony and evidence as follows:

"1. That James Bullard, petitioner herein, and father of the minor child, Edward L. Bullard (who is a boy of about three and one-half years of age), married Josephine Clark, mother of the child, 1928. The mother died approximately four months after the child was born. Josephine Clark, the mother, was the daughter of the respondents, Alphonse Clark and Marie Clark, and the sister of the respondent, Louise Clark.

"2. That during practically the entire period of time since the death of the mother up until February, 1935, the father lived in the home with the respondents. He remained with the respondents until shortly after he was married again on February 2, 1935, after which time he estab lished his own home with his second wife, who is nineteen years of age.

"3. That the father has shown a marked indifference toward this child during the entire period of time that he

lived with respondents, and has never demonstrated in any manner any love or concern for the child or its welfare, nor any particular desire to be burdened with its care, and contributed practically nothing toward its support.

"4. That the respondents have supplied the child's material requirements, and have given to it unselfish love, care and devotion. The respondents herein have raised the child since its birth, loved it devotedly, and are able to care for and educate him.

"5. That in my opinion it is unquestionable for the best interest and welfare of his minor child at this time, that he be committed and remanded back into the custody of the respondent, Louise Clark, subject to the further orders of this court as the facts and circumstances in the future may require.

"It Is Therefore Considered, Ordered and Adjudged that petitioner's writ of habeas corpus be and the same is hereby discharged.

"It Is Further Ordered and Adjudged that the custody, care and control of the said minor child, Edward L. Bullard, be and the same is hereby awarded to the respondent, Louise Clark, subject however to the right of the child's father, James E. Bullard, petitioner herein, to see and visit said minor child at all proper and reasonable times.

"It Is Further Ordered and Adjudged that this court retain jurisdiction herein to make such other and further orders touching upon the custody of said minor child as may hereafter to this court appear to be meet and proper and for the best interests and welfare of said child.

"It Is Further Ordered and Adjudged that the costs of these proceedings be and the same are hereby taxed against the said petitioner, James E. Bullard.

"Done and Ordered in Chambers at Miami, Dade County, Florida, this 19th day of September, 1935."

To which order writ of error was sued out.

In matters of this sort, each case must stand on its merits.

The record has been examined and we find ample evidence therein to sustain the findings of the Circuit Judge. The Circuit Judge might have stated other good reasons revealed by the record to support the judgment entered. The welfare of the child is always one, if not the most important, of the factors which should actuate a court in entering a judgment in such cases. We are unable to say that the Circuit Court abused its discretion in entering the judgment complained of and, therefore, same should be and is affirmed.

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.

CHAPMAN, J., dissents: I am unable to agree with the conclusion reached in this case. I think the common law as to the custody of a child should be upheld unless there exists some strong reason to the contrary. I do not think the facts as disclosed by the record are sufficient to change the rule. The strongest possible ties exist between parent and child and by some of the authorities refers to them as "sacred rights." The case at law should be ruled by Lee v. Lee, 67 Fla. 396, 65 So. Rep. 585. I think the judgment should be reversed.